UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONNIE SELLERS AND SEAN COOPER, INDIVIDUALLY AND AS THE REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED PERSONS, AND ON BEHALF OF THE BOSTON COLLEGE 401(K) RETIREMENT PLAN I AND THE BOSTON COLLEGE 401(K) RETIREMENT PLAN II,<br><br>    Plaintiffs,<br><br>V.<br><br>TRUSTEES OF BOSTON COLLEGE, PLAN INVESTMENT COMMITTEE, and JOHN and JANE DOES 1-10,<br><br>    Defendants. | Civil Action No.: 22-cv-10912-WGY |

**ORDER GRANTING PRELIMINARY APPROVAL
OF PROPOSED CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's Assented-To Motion for Preliminary Approval of Class Action Settlement (the "Motion for Preliminary Approval"). The Court having considered all papers filed and proceedings had herein, and having reviewed the record in the above captioned matter,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. On May 19, 2023, this Court issued an order (ECF No. 46) granting the Named Plaintiffs' Assented-To Motion for Class Certification, pursuant to the Parties' stipulation as to four subclasses ("Subclasses"), defined as follows: (i) on behalf of Plan I, all participants of Plan I, except Defendants and their immediate family members, between June 10, 2016 through the date of judgment as to all claims alleging excessive recordkeeping expenses; (ii) on behalf of Plan I, all participants of Plan I except Defendants and their immediate family members, between

2

June 10, 2016 through the date of judgment as to all claims alleging imprudent investment decisions; (iii) on behalf of Plan II, all participants of Plan II, except Defendants and their immediate family members, between June 10, 2016 through the date of judgment as to all claims alleging excessive recordkeeping expenses; (iv) on behalf of Plan II, all participants of Plan II except Defendants and their immediate family members, between June 10, 2016 through the date of judgment as to all claims alleging imprudent investment decisions. The Court appointed Plaintiff Connie Sellers as representative for all four Subclasses and Plaintiff Sean Cooper as representative for Subclasses (i), (ii), and (iii). The Court appointed Stephen Churchill and Osvaldo Vazquez as Class Counsel for the Subclasses.

    2.    On April 11, 2024, the Court issued a Memorandum of Decision on Defendants' Motion for Summary Judgment ("Summary Judgment Order") (ECF No. 107), in which the Court (a) denied the Defendants' motion as it related to the Recordkeeping Fees Claim (as defined in that decision), but limited the scope of that claim to the period following the 2018 Request for Proposal, (b) denied the Defendants' motion as it related to the CREF Stock Account portion of the Challenged Investment Claim (as defined in that decision), but limited the scope of that claim to the period following the December 2020 decision to place that fund on a "watch list," as recommended by the Defendants' consultant, (c) granted the Defendants' motion as it related to the TIAA Real Estate Account portion of the Challenged Investment Claim, (d) granted the Defendants' motion as to claims that they violated plan documents, and (e) granted the Defendants' motion as to claims that the Trustees failed prudently to monitor its fiduciaries, all as more specifically set forth in the Court's Memorandum of Decision.

    3.    On May 17, 2024, the Defendants filed a Motion to Decertify the Plan I Investment Subclass and to Dismiss the Investment Claim for Lack of Standing ("Plan I

3

Decertification and Dismissal Motion") (ECF No. 110), which was opposed by the Plaintiffs but which remains pending in the Court.

4.  On May 21, 2024, the Defendants filed a Motion to Decertify the Plan I and Plan II Recordkeeping Subclasses (ECF No. 113), which was opposed by the Named Plaintiffs but which remains pending in the Court.

5.  This Action was scheduled for the Court's running trial list for July 2024. On June 18, 2024, the parties filed a Notice of Settlement (ECF No. 130).

6.  The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement and Release of Claims ("Settlement"), attached to the Motion for Preliminary Approval as Exhibit 1, falls within the range of reasonableness and otherwise meets the requirements for preliminary approval.

7.  Pursuant to Fed. R. Civ. P. 23(e)(1), the Court approves the content and proposed distribution of the Notice of Proposed Settlement of Class Action Lawsuit ("Settlement Notice"), attached to the Settlement as Exhibit 1.

8.  The form of notice under the Class Action Fairness Act of 2005 ("CAFA"), attached to the Settlement as Exhibit 4, complies with the requirements of CAFA and shall, upon mailing, discharge the Defendants' obligations under CAFA.

9.  Members of the Subclasses who object to the Settlement must file objections within 60 days of issuance of the Settlement Notice. Any objection must be made by mailing a written, signed objection to the Settlement Administrator. The written, signed objection must include all reasons for the objection and any supporting documentation; the objector's name, address, and telephone number; and a list of all other objections, if any, filed by the objector or their counsel to any class action settlements pending in any court in the United States in the

previous five years. To be valid, any objection must be postmarked by United States Postal Service on or before the objection deadline. Objectors will have the right to appear at the Fairness Hearing to be heard concerning their objections, either in person or through counsel. Any objector wishing to appear at the Fairness Hearing must state their intention to do so in writing on their written objection. Objectors who do not comply with this paragraph may not be permitted to speak at the Fairness Hearing, except for good cause shown.

10. Any petition by Class Counsel for an award of attorneys' fees and litigation costs shall be filed and posted on the settlement website within 30 days after issuance of the Settlement Notice.

11. The Court will conduct a Fairness Hearing on  February 11, 2025  at  2:00  a.m./p.m.[1] to determine the overall fairness of the settlement. Class Counsel shall submit an Assented-To Motion for Final Approval no later than seven (7) days before the Fairness Hearing.

IT IS SO ORDERED.

Dated:  September 19 , 2024            /s/ William G. Young
                                       United States District Judge

---

[1] In order to accommodate the notice process and time for Class Counsel to submit the Assented-To Motion for Final Approval, the parties request that the date for the Fairness Hearing be set for a date that is no earlier than 120 days after the entry of this Order.